U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

MAR 1 1 2026

AT_____ O'CLOCK_____
John M. Domurad. Clerk - Syracuse

UNITED STATES DISTRICT COURT

5:26-cv-382 (MAD/PJE)

Northern District of New York

Cuwanda Williams-Bell,

Plaintiff,

v.

Coordinated Care Services, Inc.,

Defendant.

----

COMPLAINT AND JURY DEMAND

Plaintiff Cuwanda Williams-Bell alleges as follows:

1. Jurisdiction and Venue

1. This action arises under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and related federal anti-retaliation provisions.

2. Jurisdiction is proper under 28 U.S.C. §1331 and 42 U.S.C. §2000e-5.

3. Venue is proper in the Northern District of New York because the events giving rise to this action occurred in Syracuse, New York.

2. Parties

4. Plaintiff was employed by Defendant Coordinated Care Services, Inc. ("CCSI") beginning in January 2017.

5. Defendant is an employer within the meaning of federal anti-discrimination statutes.

3. Background Employment History

6. Plaintiff worked as a Family Specialist serving multiple schools and high-needs families in the Syracuse area.

7. Plaintiff consistently carried substantial caseload responsibilities and regularly performed cross-system coordination between schools, families, and agencies.

8. Prior to June 2023, Plaintiff had not been placed on a formal Performance Improvement Plan.

4. Protected Activity

9. On June 13, 2023, Plaintiff disclosed to her supervisor that she was experiencing domestic violence, including circumstances involving Child Protective Services.

10. Plaintiff disclosed this information because she worked in school-based settings and sought transparency regarding potential scheduling and safety implications.

11. On July 13, 2023, Plaintiff approached Human Resources and expressed concerns about retaliation and supervisory conduct.

12. Plaintiff explicitly stated she did not want retaliation for bringing concerns forward.

13. Plaintiff was reassured that her job would be protected.

5. Escalation Following Protected Activity

14. Following her domestic violence disclosure and HR complaint, Plaintiff experienced increased scrutiny.

15. Supervisory communications intensified.

16. Worksite access was restricted.

17. Deadlines and compliance demands escalated.

18. Plaintiff was subjected to heightened monitoring not previously imposed.

6. Performance Improvement Plan as Pretext

19. On or about September 22, 2023, Plaintiff was placed on a Performance Improvement Plan.

20. Plaintiff disputed the factual basis for the PIP and raised concerns that it was retaliatory.

21. During the PIP process, Plaintiff maintained that she had been completing required compliance tasks.

22. Defendant's stated performance concerns were inconsistent with prior supervisory treatment.

7. Termination

23. On October 23, 2023, Defendant terminated Plaintiff's employment.

24. Defendant provided shifting explanations for termination, including compliance issues and billing concerns.

25. These explanations were inconsistent over time.

8. Causation

26. Plaintiff's protected activity preceded the escalation of discipline and termination.

27. The temporal proximity between her protected disclosures and adverse employment action supports an inference of retaliation.

28. Defendant's inconsistent explanations further support a finding of pretext.

9. Damages

29. As a result of Defendant's conduct, Plaintiff suffered loss of income and employment benefits.

30. Plaintiff experienced emotional distress.

31. Plaintiff continues to suffer financial and professional harm.

---

10. Relief Requested

Plaintiff requests:

A. Back pay

B. Front pay

C. Compensatory damages

D. Punitive damages

E. Attorney's fees and costs

F. Trial by jury


JURY DEMAND: Plaintiff demands a trial by jury on all issues so triable.

3/11/26

315- 466-2929

117 Fayette Circle
Fayetteville, NY 13066