**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CUWANDA WILLIAMS-BELL,**

**Plaintiff,**

**vs.**

**5:26-CV-382 (MAD/PJE)**

**COORDINATED CARE SERVICES, INC.,**

**Defendant.**

---

**APPEARANCES:** **OF COUNSEL:**

**CUWANDA WILLIAMS-BELL**
Fayetteville, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Cuwanda Williams-Bell filed a complaint in this action on March 11, 2026, against her former employer Coordinate Care Services Inc. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On August 10, 2026, Magistrate Judge Paul J. Evangelista granted Plaintiff's IFP motion and issued a Report-Recommendation & Order recommending that Plaintiff's complaint be dismissed without prejudice and with an opportunity to amend. *See* Dkt. No. 6. On August 24, 2026, Plaintiff filed a letter requesting an extension of time to file objections. *See* Dkt. No. 7. On the same day, Plaintiff filed her objections to the Report-Recommendation & Order. *See* Dkt. No. 8.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the Report-Recommendation & Order, Magistrate Judge Evangelista first outlined the facts of Plaintiff's complaint. *See* Dkt. No. 6 at 4-5. Plaintiff does not object to that recitation and the Court finds no clear error regarding the same.

Next, in liberally construing Plaintiff's *pro se* filing, Magistrate Judge Evangelista construed the complaint as raising discrimination, retaliation, and hostile work environment claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). *See id.* at 5. As to the federal claims, Magistrate Judge Evangelista explained that Plaintiff is required to administratively exhaust her claims and her complaint lacks any information regarding exhaustion. *See id.* at 6-8, 22-23. Plaintiff does not address this in her objections. *See* Dkt. No. 8. The Court finds no clear error in this aspect of the Report-Recommendation & Order.

"Before commencing an action in federal court alleging violations of Title VII . . . and the ADA, a plaintiff must first file a timely charge with the" Equal Employment Opportunity Commission. *Hamzik v. Off. for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 277 (N.D.N.Y. 2012). Magistrate Judge Evangelista accurately noted that Plaintiff's complaint is silent as to exhaustion, and Plaintiff does not contend otherwise in her objections. However, "exhaustion [i]s an affirmative defense," *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486,

491 (2d Cir. 2018), and "[a]dministrative exhaustion in the Title VII and ADA context 'is not a jurisdictional [prerequisite], but only a precondition to bringing [suit] . . . that can be waived by the parties or the court.'" *Anderson v. City of New York*, 712 F. Supp. 3d 412, 426 (S.D.N.Y. 2024) (quoting *Gomez v. New York City Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016)). Therefore, Magistrate Judge Evangelista appropriately addressed the merits of Plaintiff's complaint.

Magistrate Judge Evangelista concluded that Plaintiff failed to sufficiently allege that she suffered specific adverse actions or hostile conduct because of her inclusion in a protected class under Title VII or the existence of a qualifying disability under the ADA. *See* Dkt. No. 6 at 8-19, 24-25. In her objections, "Plaintiff recognizes that domestic-violence-victim status, standing alone, is not one of Title VII's enumerated protected characteristics." Dkt. No. 8 at 2. The Court agrees and finds no clear error in Magistrate Judge Evangelista's recommendations to dismiss Plaintiff's Title VII and ADA claims based on Plaintiff's failure to allege that she is a member of protected class or has a qualifying disability. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) ("[A]bsent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class . . . ."); *see also Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005) (discussing factors relevant to deciding whether a plaintiff was disabled under the ADA).

In her objections, Plaintiff raised issues with specific portions of Magistrate Judge Evangelista's Report-Recommendation & Order. Plaintiff argues (1) her allegations in support of her federal discrimination and retaliation claims should be considered together, rather than as isolated incidents; (2) the NYSHRL claims should be analyzed under a different standard than the federal claims; and (3) she has a qualifying disability, Attention Deficit Hyperactivity Disorder

("ADHD"), which she should be permitted to explain in support of her ADA claim in an amended complaint. *See* Dkt. No. 8.

As to Plaintiff's ADA claim, she requests leave to amend because she "does not contend that domestic-violence-victim status constitutes an ADA disability." Dkt. No. 8 at 3. Rather, she states that she "has a longstanding diagnosis of ADHD and alleges that one functional area affected by her condition concerns progress notes and required documentation." *Id.*

Plaintiff said nothing about her ADHD in her complaint. *See* Dkt. No. 1. "'[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.'" *Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 3d 469, 475 (S.D.N.Y. 2024) (quoting *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020)); *see also Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 190 (E.D.N.Y. 2022). Therefore, the Court will not consider Plaintiff's allegations concerning her ADHD.[1]

As to Plaintiff's hostile work environment claim, Magistrate Judge Evangelista concluded that Plaintiff "does not allege facts showing that the conduct directed against her was sufficiently severe or pervasive from an objective standpoint." Dkt. No. 6 at 19. Magistrate Judge Evangelista discussed Plaintiff's various allegations of hostile conduct, concluded that none create a hostile work environment, and stated that "since Plaintiff's other allegations do not tend to support a finding of hostile work environment, there is no broader campaign of harassment for which to attach these allegations of increased scrutiny." *Id.* at 22. Plaintiff argues in her

[1] The Court likewise will not consider any other allegations or claims that Plaintiff raises in her objections that were not raised in the complaint, including references to the Family Medical Leave Act.

objections that, taken together, her allegations are sufficient to allege discriminatory and retaliatory motive, and a hostile work environment. *See* Dkt. No. 8 at 1-2.

Plaintiff's objections and allegations concern, as Magistrate Judge Evangelista discussed, increased supervision, job location restrictions, accelerated deadlines, and a disciplinary write-up. *See* Dkt. 8 at 1-2; Dkt. No. 6 at 18-22. "'Generally, unless an incident of harassment is sufficiently severe, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Ramirez v. NYP Holdings, Inc.,* No. 18-CV-12058, 2020 WL 470011, *11 (S.D.N.Y. Jan. 29, 2020) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010)) (additional citation omitted). "But a single act can create a hostile work environment if it in fact works a transformation of the plaintiff's workplace." *Id.* (citations and quotation marks omitted). "[T]hat single act must be 'extraordinarily severe' to rise to the level of a Title VII violation." *Id.* (citation and quotation marks omitted).

As Magistrate Judge Evangelista concluded, Plaintiff's claims fail even before reaching this issue because she does not allege that she is a member of a protected class. However, the Court also agrees that Plaintiff's complaint lacks allegations "that the alleged hostile work environment she experienced was based on her membership in a protected class under Title VII." Dkt. No. 6 at 19. Although Plaintiff is correct that the Court should consider all of her allegations together, the complaint lacks sufficient allegations of "harassment [that] is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Krul v. DeJoy*, 705 F. Supp. 3d 5, 55 (N.D.N.Y. 2023) (citation and quotation marks omitted). Plaintiff's complaint includes summary statements that she "experienced increased scrutiny," "[s]upervisory communications intensified," her "[w]orksite access was restricted," she "was placed on a Performance Improvement Plan," and her "[d]eadlines and compliance demands

escalated." Dkt. No. 1 at 4. Without more specific allegations as to what Plaintiff was experiencing, how it was altering her employment, and why the actions were allegedly taken, the hostile work environment claim should be dismissed.

Plaintiff next argues that her NYSHRL claims should be analyzed under a different standard than the standard that is applied to her Title VII claims. *See* Dkt. No. 8 at 2-3. "Hostile work environment claims brought under Title VII, § 1981, and the NYSHRL are assessed using the same standard." *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 261-62 (2d Cir. 2023); *see also Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (stating that "the analysis is the same" for the Title VII and NYSHRL discrimination claims). However, on some ways, "[t]he NYSHRL . . . analysis is similar to Title VII but 'more liberal': '[A] plaintiff claiming retaliation must demonstrate that she took an action opposing her employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.'" *Carrasco v. Metro. Transit Auth.*, No. 24-CV-4265, 2026 WL 2875186, *16 (S.D.N.Y. Sept. 23, 2026) (quoting *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122-23 (2d Cir. 2024)). Plaintiff's claims are not saved by application of the more liberal standard because she failed to sufficiently articulate her membership in a protected class which requires dismissal of her discrimination or retaliation claims.

Moreover, "[a]s a general matter, federal courts 'have supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or controversy.'" *Sotak v. Bertoni*, 501 F. Supp. 3d 59, 85 (N.D.N.Y. 2020) (quoting 28 U.S.C. § 1367(a)). "In other words, "[t]he state and federal claims must derive from a common nucleus of operative fact.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). "'Where . . . a plaintiff's federal claims will be dismissed before trial,

a district court should generally decline to exercise supplemental jurisdiction over any state law claims absent exceptional circumstances.'" *Id.* (quoting *B.A. v. City of Schenectady Sch. Dist.*, 209 F. Supp. 3d 515, 528 (N.D.N.Y. 2016)).

As Plaintiff concedes, being a domestic violence victim is not a recognized protected class or characteristic under Title VII. *See* Dkt. No. 8 at 2. On that ground alone, Plaintiff's federal claims must be dismissed. This conclusion also applies to the state claims, *see* N.Y. Exec. Law § 291 (protecting against discrimination based on age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability), but once all of the federal claims are dismissed, the Court would independently decline to exercise supplemental jurisdiction over the purely state law claims.

The Court has reviewed all other aspects of Magistrate Judge Evangelista's Report-Recommendation & Order and finds no clear error. In particular, the Court agrees that Plaintiff should be permitted an opportunity to amend her complaint.[2] "Plaintiff is reminded that the [] amended complaint will replace the existing amended complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court." *Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118 (N.D.N.Y. 2023).

After carefully reviewing the Report-Recommendation & Order, the entire record in this matter, and the applicable law, the Court hereby

[2] In the conclusion section of the Report-Recommendation & Order, it is recommended that Plaintiff's complaint be dismissed without opportunity to amend. *See* Dkt. No. 6 at 32. The same is reflected on the docket. However, the Court believes this to be a typographical error as the substance of Magistrate Judge Evangelista's decision recommends granting leave to amend. *See id.* at 31. The Court agrees that leave to amend is appropriate.

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation & Order (Dkt. No. 6) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff's motion for an extension of time to file objections (Dkt. No. 7) is **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 5, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge